10-3496-ag
Sherpa v. Holder

BIA
Abrams, IJ
A089 252 045
A089 252 046

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

PASANG DAWA SHERPA, ANG CHHOKPA SHERPA,
> *Petitioners,*

> v.                       10-3496-ag
>                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Ramesh K. Shrestha, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Genevieve Holm, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Pasang Dawa Sherpa and Ang Chhokpa Sherpa, natives and citizens of Nepal, seek review of an August 3, 2010, decision of the BIA affirming the January 14, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pasang Dawa Sherpa, Ang Chhokpa Sherpa,* Nos. A089 252 045/046 (B.I.A. Aug. 3, 2010), *aff'g* Nos. A089 252 045/046 (Immig. Ct. N.Y. City Jan. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal citation omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Petitioners failed to appeal the IJ's denial of CAT relief to the BIA, and, as a result, we are without jurisdiction to consider this unexhausted claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)). Moreover, we do not have jurisdiction to review the agency's finding that Petitioners' asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excused Petitioners' untimeliness under 8 U.S.C. § 1158(a)(2)(D). *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), Petitioners' challenge to the IJ's finding that they did not establish either changed or extraordinary circumstances is simply a challenge to the agency's fact-finding determination and exercise of discretion, over which we do not have jurisdiction, *see* 8 U.S.C. § 1158(a); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, the only issue before us is whether the agency erred in denying withholding of removal.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Here, the agency addressed the harassment and intimidation described by Petitioners, including visits at their home, threats by the Maoists, and one incident in which a Maoist hit Pasang Sawa Sherpa on the shoulder with the butt of a gun. The agency reasonably concluded that, considered cumulatively, these incidents were insufficiently severe to constitute persecution. *See id.; see also Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

Petitioners also argued that, in addition to their past persecution, they fear future persecution if they return to Nepal, because a Maoist was allegedly killed by the police after leaving Petitioners' home, and the Maoists allegedly thought Petitioners were responsible. However, as noted by

4

the IJ, Petitioners conceded that they did not witness the alleged incident, and provided no corroboration even though evidence was reasonably available. We have held that the agency may require corroboration despite otherwise credible testimony. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) (holding that "while a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination"). Despite Petitioners' arguments that their testimony was sufficient to demonstrate that they would be persecuted in Nepal, it was not unreasonable for the agency to require corroborating evidence, as Petitioners' testimony consisted solely of recounting what they had been told by other individuals. *See id.* at 196-97; *see also* 8 U.S.C. § 1158(b)(1)(B)(i).

When an IJ "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Here, the IJ identified the type of corroborating evidence that Petitioners should have presented, including documentation

regarding the death of the Maoist, as well as any evidence indicating that the Maoists have come looking for them, harmed their family, or confiscated their property. In their appeal to the BIA, Petitioners did not sufficiently address or explain why such evidence was not reasonably available. Consequently, substantial evidence supports the agency's determination that Petitioners could have reasonably provided corroborating evidence, and without any corroborating evidence, failed to meet their burden of showing they would be persecuted in Nepal. *See* 8 U.S.C. § 1252(b)(4); *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because Petitioners were unable to show either past persecution or a clear probability of future persecution in Nepal, the agency did not err in denying their application for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in connection with this petition is VACATED, and any pending motion for a stay of removal in this petition is

6

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk